Next case, number 161122, Luis Ortiz-Espinosa et al. v. BBVA Securities of Puerto Rico et al. Good morning, Your Honor. May it please the Court. My name is Harold Vicente, Jr., and together with my colleague, Yvonne Garraud, we represent the applicants in this case. I'd like to start by saying that for the past few days, I've been thinking of how to present my argument before you today, how to convince you that my client's petition to vacate gave the District Court no federal question jurisdiction. Of course, we're looking, we're here under a jurisdictional issue, and my concern was this is not a factual basis case. This is a purely legal issue before you, the Court. So you're the experts. You are the guardians of the federal jurisdiction, some courts have said. So I actually wondered whether what our argument was really necessary, since it's really not a factual-based case. But in any event... You want to submit on the briefs? No. No, no, no. Don't get me wrong. I'm not one to waive my right to come here and present my argument and answer questions. So I will present my case anyways. Thank you. So really, it's really a question of law and not really a fact. So what is the law? So if you follow the Second Circuit, you lose, right? Exactly. And you want us to follow the Seventh and the Third? And the Third, exactly. That is basically the bottom line here. And I was going to present my argument and try to give you my take on why I believe the Second Circuit is a long circuit that really makes no sense why they did it. I think the Seventh Circuit and the Third Circuit rationale is much more consistent with the protection of that federal jurisdiction, which, as we all know, is a limited court jurisdiction. So I was prepared to argue some of the basic points of law, which I obviously know you are experts on. But basically, the first question is whether this removal was proper or not. It doesn't really make much sense, does it, to have a different standard for federal jurisdiction for a motion to compel arbitration and a motion to vacate the award? I disagree, Judge. I disagree, and this is why I think the Seventh and the Third Circuit have actually distinguished a motion to compel and a motion to vacate or a motion to confirm, which are the three different motions that can be presented under the FAA. When you file a motion to compel arbitration, what do you have? You have a contract or an agreement to arbitrate certain claims. So what does the court, the district court, have in order to determine whether or not it has jurisdiction over that motion to compel? The only other argument, other than the fact that there is an arbitration contract, are the allegations in the claim. So you're basically obligated to go to that claim to determine whether those claims or the district court is obligated to or has jurisdiction to obligate arbitration under those claims. However, on a motion to confirm or on a motion to vacate, you have the actual allegations or the basis for that vacater, which are different. And if we look at Section 4, which is the motion to compel section of the FAA, it has that language that Vaden, the Supreme Court in Vaden, determined, which was the safe for the arbitration agreement. I think Vaden is very limited, which is the case that the appellees have. But how could it make sense in that the district court, in connection with the motion to compel arbitration, construes the scope of the arbitration clause? And then what you're saying is if there's a motion to vacate later on, that's going to go to state court to determine the scope of the arbitration and whether the arbitrators exceeded their powers, right? I mean, that would seem to be kind of odd to have two different courts determining the appropriate scope of the arbitration, one at the outset and one after the arbitration is completed. You know, there may be a case where the grounds for a vacater may really rely upon the actual application of federal law, right? But that's not my case. That's not the case we presented. Our case presents the grounds for vacater are purely state law claims, whether the arbitrators incurred in bias or misconduct. Now, the federal arbitration, the federal security sects do not govern arbitration misconduct. The FAA does, but the FAA doesn't give the court a jurisdictional basis, right? So the other law that applies, which is Puerto Rico law, the law under which we filed our motion to vacate, clearly states the grounds upon which you can request a vacater. I thought it was pretty clear that the FAA and Puerto Rican law had the same grounds for vacating. There's some slight differences. There's some slight differences. I admit that there are some rulings that state that the Puerto Rico Arbitration Act was modeled under the FAA, but if we go to a strict reading of that statute, it is a bit broader in the section of the vacater grounds, and it also requires the court to hold a hearing, which the FAA does not. The Puerto Rico Act requires a factual hearing. Yes, yes. It mandates that the court, before entering a ruling upon the petition to vacate, it must hold a hearing. So there's a slight difference, granted, but I believe that if we do a reading of the two statutes, and compare them side by side, the grounds for a vacater under the Puerto Rico law are a bit broader. Well, how does that help you here? In what respect is the Puerto Rican law broader in a way that would benefit you? With regards to a jurisdictional issue, I don't think it helps me in any way. It helps me on the merits. How does it help you on the merits? Well, I think I propose, Your Honor, that under the facts of this case, where you have a party that admits partial liability, where significant evidence of fraud and forgery of documents and signature of my clients and the stipulation of damages, I mean, the evidence, it's all related in our brief, but it's overwhelming. To me, it's inconceivable how a trier of fact, after an admission of liability, can come with no liability. I mean, it's an admission. It's not a judicial admission because it wasn't before a court, but it was a judicial admission in the sense that it was being tried before an arbitration, and it should be considered a judicial admission with the consequences of a judicial admission. So in terms of those facts, on the merits of the petition to vacate, which I must say that I believe that the court entered into the merits of the petition to vacate without jurisdiction, I think it helps. I think it certainly is broader, and it allows for the court to grant the motion to vacate. Did I answer your question, sir? So what did the Seventh Circuit and the Third Circuit have said is, to me, the more compelling proposition, and I propose that you should follow what the Seventh and the Third Circuit have stated. Of course, those two cases are not cited in our brief because they are just a month and a half away. They were entered a few months ago. The Second Circuit Dusher was in August 11, and the Seventh Circuit, I think it was Magruder, was basically 11 days later. So I have the sites if you would like me to put them on the record because they are not on our brief. The Seventh Circuit case is the Magruder v. Fidelity, 818 Federal 3rd, 285. And the Third Circuit, which is the August 22nd case, it is Goldman v. Citigroup at 934 Federal 3rd, 242. Are there cert petitions in any of these other cases? Your Honor, I found the Third Circuit case basically last night, and I don't know if there are cert petitions filed. I apologize. I should have looked, but I found the Third Circuit case last night. I mean, our research on the First Circuit found no case on point. So basically, we have the Seventh Circuit and the Third Circuit with two opinions that crash head-on with the Dusher opinion, which is what the appellees are basing their case on. So if I may, I would like to cite from these two recent opinions, which I think are very telling and should be considered by the Court. In Magruder, the Court said Baden holds that when a claim proposed to be arbitrated arises under federal law, a federal court has subject matter jurisdiction to rule on a petition to compel or forbid arbitration. Magruder supposes that this implies that once the arbitration is over, a federal court also has subject matter jurisdiction to confirm the award or to set it aside. But that's not what Baden holds, nor is it a logical extension of Baden's holding. Baden dealt with a petition under Section 4 to compel arbitration. Section 4 provides that a district court may do this if, say, for such arbitration agreement, it would have jurisdiction under Title 28 in a civil action arising out of the controversy between the parties. In other words, if the claim sought to be arbitrated arises under federal law, then per Section 4, the district court has subject matter jurisdiction of a suit seeking an order to arbitrate. That's what Baden concluded. Section 4 does not deal with requests to enforce or set aside an arbitration decision. Section 9 deals with confirmation, and Section 10 with vacator. Neither 9 or 10 has any language comparable to that on which the Supreme Court relied in Baden. At the outset in Baden, it goes to Section 4. I believe that Baden was limited to Section 4. The Supreme Court did not entertain anything else. I think it's based on a recent decision, I think a few months ago, in the Mary Lynch v. Social Supreme Court, Mary Lynch v. Manning case. The court there reiterated that the federal courts must maintain the constitutional balance between the state and federal judiciaries. That's consistent with limiting the application to just Section 4 and not Section 9 and Section 10. So I believe that, and I also wanted to read from the Goldman case, which I think is also the ruling of the Third Circuit. In Goldman said, neither the textual nor practical considerations noted by the court in Baden apply in the case relying on Section 10 of the FAA. Section 10 lacks the critical say for such agreement language that was central to the Supreme Court's Baden opinion. It provides that the United States courts in and for the district wherein the award was made, may make an order vacating the award upon the application of any party to the arbitration. There is no reference to the subject matter of the underlying dispute. Thus, while Section 4 calls for the court to consider whether it would have jurisdiction over the subject matter of a suit arising out of the controversy between the parties, Section 10 makes no such demand. We therefore join other courts in holding that Section 4 of the FAA should be read differently than Section 10 for jurisdictional purposes. And by the way, prior to Baden, basically there was a consensus, with the exception of two contradicting rulings within the Second Circuit, because Dusher just came up on appeal. But before, there was Greenbrier, or Greenbrier, I think it was, which contradicted Dusher. So Dusher revokes the prior ruling, and that's clear now in the Second Circuit. But the rest of the circuits, prior to Baden, also applied the different test that would apply to Section 4 or Section 10. So I think Dusher is just out on left field. It really is. It's only applicable to the Second Circuit, and the rest of the circuits are more in tune with what the Supreme Court has said in Baden and in this recent Mary Lynch versus Manning case, which moves the district courts to protect that federal jurisdiction. Any other questions? Thank you very much. Just right in my time. Oh, no.  No, you – perfect. All right. Thank you. Good morning. May it please the Court. My name is Luis Olivero, on behalf of Japaliz. Are there cert petitions in any of these other three cases, the second, third, and seventh? I could not find any cert petitions, but they're still within the 90 days, Your Honor. Both of them. Thank you. So I will go to the issue of the look-through and Baden, et cetera, in a minute. But I want to make sure that we don't lose track of the fact that in its ruling denying remand, the district court identified a number of specific paragraphs in the complaint to vacate that the district court interpreted as raising federal claims, exclusive federal claims, and also noted the fact that the complaint to vacate expressly incorporated the statement of claim before the arbitration, which itself contains as its first cause of action an exclusive federal cause of action under the Exchange Act. So, and I think the district court was correct in identifying that. So the district court's decision doesn't only rely on the look-through approach. So in what respect is there federal jurisdiction if we reject the look-through approach? So exactly, even under the face of the complaint approach. Well, what's the basis for that argument? The facts that I mentioned, the paragraphs, the allegations. I understand. What are the allegations that create federal jurisdiction? There's a number of them, but they include churning. They include deceitful and fraudulent conduct. Those are allegations underlying the original complaint. They're not new allegations as to what's the matter with the arbitration award. They are contained also within, I think, they are similar, not to say identical, but they're both in the statement of claim for the arbitrators as well as in the complaint for vacator. So they're in both places. Yeah, but that seems to be arguing for the look-through approach rather than to say that there's something wrong with the arbitration that raises a federal issue. I think my argument would be that even under the face of the complaint approach, those allegations conform claims under federal law, given rights to jurisdiction, even under the face of the complaint approach, or at the very least, raise substantial enough federal issues that would support a finding of federal jurisdiction, so that you don't only have to rely on the look-through approach. But I would also argue that the appellant mostly characterizes the references to the federal statutes as more or less the factual predicates which inform the history of the complaint that they filed in the commonwealth court. Yes. So they're not seeking relief under any kind of federal statute. What they say is that the manner in which the arbitration was conducted, just the manner in which it was conducted, violated Puerto Rican law. Well, but that's not just what they're saying. I think an objective reading of the complaint, even though they are factual allegations that mirror the ones in the statement of claim, which were the basis of the federal claims in the statement of claim before the arbitrators, their argument is that these factual allegations compelled a finding in their favor under these federal claims at the arbitration level. And so, therefore, in order to prove their case for vacatur and their claim of error so egregious that it should lead to vacatur, they would have to prove that these factual allegations compel, as a matter of law, the result that they sought at the arbitration level. In other words, that they compel, as a matter of law, a finding of a violation of the federal statutes that they raised at the arbitration level. So I think, yes, that is… Why does that present a federal issue? Excuse me? Why does that present a federal issue that creates jurisdiction? Because it presents substantial federal issues that would need to go… to be part of the analysis of the court looking at the vacatur petition. So, in other words, the court, reviewing court, would have to determine that, in fact, in order to vacate, would have to agree with them that these allegations compelled, as a matter of law, a finding of a violation under federal law and, therefore, the fact that the award did not recognize that warrants vacatur. Okay? So, but under the look-through approach, which is an approach that's followed both by this court and others, including, by the way, McGruder, in the diversity context, would also compel a finding that the district court was correct in holding that it had jurisdiction to review the petition to vacate. And as everyone is in agreement, the operative case is the Vaden Supreme Court case, which, although decided in the context of Section 4, motion to compel, does not state that it should be limited to the context of Section 4. And as Your Honor pointed out, it, in fact, makes no sense to read the Section 4 language as appellants, urge this court to do as an award or affirmative grant of jurisdiction to the exclusion of Section 10 or 11 motions, as that would do, I think, violence to the notion, which is an accepted notion now, that the FAA, as a statute, does not operate to expand or award federal jurisdiction where it is not otherwise present. Well, but, I mean, your problem is that Vaden relied on the particular language of Section 4, which doesn't appear in Sections 9 and 10. Yes, Your Honor, but I think in that respect, I think Dozier does a good job of analyzing that argument. And I think for the reasons that the Second Circuit explains in Dozier, the language in Section 4 that's cited in Vaden is more properly, rather than a grant of affirmative jurisdiction, is more properly to be viewed as akin to a venue language, rather than affirmative grant, because in part or largely to avoid the inconsistency of saying, on the one hand, the FAA does not expand federal jurisdiction, and on the other hand, saying, well, it does in the context of a Section 4 motion to compel, but it doesn't under a Section 10 or 11 motion to confirm or motion to vacate. Let me ask you another question. In the aftermath of Hall Street, the Supreme Court's decision in Hall Street, what is the basis for relying on the Puerto Rican Arbitration Act as a basis for setting aside the award? When is that appropriate? Is the FAA exclusive in that respect? Where are we? Well, I would argue that under Hall, to the extent at least that the federal review, that the Puerto Rico statute is urged to be more expansive in its additional grounds for vacating an award, it would be on supremacy grounds preempted by the FAA, given that we have, obviously, interstate commerce in this case. Did I answer the question? Well, here, the choice of law said Puerto Rican law applies. Is that correct in the agreement? I don't think so, Your Honor. No? No. I'll be honest. I don't remember. I'm not 100% sure. I thought it did, but I can look it up. Okay. Okay. So, in terms of the look-through approach, as I mentioned, this Court already engages in the look-through approach in the diversity context. That's the Ball v. Hudson case since 2000, and even Magruder does that in the Magruder decision. And the Seventh Circuit starts off by looking through to the original petition in arbitration to determine whether there was diversity jurisdiction or not. So, there's no principle, really no principle distinction, legal distinction, why courts should be able to look through to determine diversity but not federal question jurisdiction. And that look-through approach, by the way, in diversity is not dependent on the Section 4 language, by the way. So, there are additional reasons why both Magruder and the more recent Goldman case by the Third Circuit are not correctly decided. First of all, as I mentioned, they take this language of Section 4 to be jurisdictional rather than, as Dozier suggests, more of a language akin to a venue provision. They both, Magruder and Goldman, both rely on largely on pre-vading authority. And both Magruder and I think Goldman does adopt Magruder's analogy to a settlement agreement, which is, in our opinion, a flawed analogy that doesn't really follow. It's really counterintuitive. Magruder uses an analogy to state that, you know, there's nothing wrong, there's nothing consistent with its interpretation of vading because when a case, and it compares an arbitration award to a settlement agreement and goes on to say under Coconan that, you know, of course, the Supreme Court has held that there's no federal jurisdiction on a lawsuit, on a subsequent lawsuit over a settlement agreement. Well, of course, the more appropriate analogy would be to analogize the arbitration agreement to a judgment. That's what it is. And, of course, there's no, there's always appellate jurisdiction to review judgments from district courts. So, and a more appropriate analogy would have led to a finding that, of course, there's going to be jurisdiction because it's part of the same case. There's additional policy considerations that support Dozier's, Second Circuit's interpretation in Dozier and the application of the look-through approach in addition to the diversity context to use it in the federal question context. I think Dozier does a good job of identifying some of those. So does the brief filed, in this case, by the amicus. It would avoid phone shopping and artful pleading as we have in this case. It would also foster the federal policy in favor of arbitration. It promotes judicial efficiency because it would avoid, you know, gainsmanship such as, you know, might be tempted to file complaints in federal court and move to compel arbitration in federal court of matters that everybody's in agreement should be arbitrated, simply to have a foothold, as I call them, sort of an anchor lawsuit to preserve jurisdiction. Would it preserve jurisdiction? Would that occur if there were a motion to compel before the district court and the district court compelled arbitration? Would that automatically mean that there was jurisdiction later on with respect to a motion to confirm or a motion to vacate? Well, most cases recognize, Your Honor, that yes, typically the result would be a motion to stay the case and an order of compelling arbitration. Well, but if there's no motion to stay, if it's just a motion to compel the court order arbitration renders a final judgment in that respect, does it still have jurisdiction later on to entertain a motion to vacate or a motion to compel, regardless of whether there would be independent federal jurisdiction for the most later action? Well, most cases that I've seen cited in doing this research would suggest that, yes, that would be part of the same case and that that would preserve jurisdiction for the review of the award stemming from the arbitration proceeding that was compelled by the case. So, yes. Where do you cite those cases? I'm not sure. Did you cite them in your brief? I'm not sure they're cited in our brief because that's not an issue that was within the scope of our brief. They may be cited in one of these decisions, Dozier or Baden, those decisions discussing the policy considerations as to why it is appropriate to engage in this look-through approach, have some of those, may have some of those cases cited. I believe maybe the amicus brief may have some of those as well. Your Honor, I think my time is almost up, so unless there's another question. No, thank you. Thank you.